**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| Nataniel Torres, | Case No. 26-20247 (JJT) |
| Debtor. | Re: ECF Nos. 5, 11, 17 |

**MEMORANDUM OF DECISION AND ORDER**
**DISMISSING CASE FOR FAILURE TO PAY FILING FEES**

On March 19, 2026, Nataniel Torres ("Debtor") filed a Chapter 13 voluntary petition. (ECF No. 1) The same day, the Debtor also filed an Application to Pay Filing Fee in Installments. (ECF No. 5) On March 23, 2026, this Court granted the Application. (ECF No. 11) That Order set deadlines for the payment of the filing fees, with $100.00 due on March 27, $100.00 due on April 10, $100.00 due on April 24, and a final payment of $13.00 due on May 8, 2026.

On April 1, 2026, this Court entered an Order Directing Debtor Compliance with Modified Installment Deadlines to Avoid Dismissal. (ECF No. 17) There, the Court observed that as of April 1, the Debtor had only made a single payment of $13.00 on March 26. The Court ordered the Debtor to make the remaining filing fees, with $187.00 due on April 10 (representing the $87.00 deficiency and the $100.00 second installment payment), and $113.00 due on May 8 (representing the two final payments of $100.00 and $13.00). There, the Court further ordered "[t]hat if any installment is not received by the Clerk of Court by the dates specified above, this case shall be **DISMISSED** without further notice or hearing."

On April 13, 2026, the Debtor made a single electronic installment payment of $100.00, but the payment was returned for insufficient funds. (ECF Nos. 20, 21) The Debtor has made no additional payments.

Since 2017, the Debtor has filed petitions for bankruptcy relief eight times, including the petition which commenced this case. Those cases are:

- Case No. 17-21743, a Chapter 7 case commenced on November 14, 2017, in which the Debtor received a Standard Discharge on June 6, 2018;

- Case No. 19-20015, a Chapter 13 case commenced on January 4, 2019, which was dismissed on March 21, 2019, for failure to make plan payments;

- Case No. 21-20893, a Chapter 13 case commenced on September 24, 2021, which was dismissed for failure to file required information on October 5, 2021;

- Case No. 23-20667, a Chapter 13 case commenced on August 25, 2023, which was dismissed for failure to pay the filing fee on November 28, 2023;

- Case No. 24-20702, a Chapter 13 case commenced on July 26, 2024, which was dismissed for failure to pay the filing fee on November 4, 2024;

- Case No. 25-20363, a Chapter 13 case commenced on April 17, 2025, which was dismissed for failure to pay the filing fee on May 5, 2025;

- Case No. 25-20935, a Chapter 7 case commenced on September 5, 2025, which was dismissed for failure to pay the filing fee on October 21, 2025; and

- Case No. 26-20247, this present Chapter 13 case, commenced on March 19, 2026.

The circumstances of this case and this pattern of filing for bankruptcy relief, only to have the cases dismissed for the Debtor's failure to comply with the

Bankruptcy Code, have led this Court to examine whether this case should be dismissed with a one-year bar to refiling.

Regarding dismissal, this Court has previously noted that:

> While "there is no provision in section 1307 that provides for dismissal of a Chapter 13 case with prejudice. . . . '[t]he legal effects of the dismissal of a chapter 13 case are [instead] governed by section 349.'" *In re Heidel*, 2020 WL 6809805, at *3 (Bankr. D. Conn. 2020) (*quoting* 8 COLLIER ON BANKRUPTCY ¶ 1307.09 (16th ed. 2020)). "Section 349(a) of the Bankruptcy Code establishes a general rule that dismissal of a bankruptcy case is without prejudice, but at the same time expressly grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd*, 198 F.3d 327 (2d Cir. 1999).

*In re Traylor*, 628 B.R. 1, 8 (Bankr. D. Conn. 2021).

Section 349(a) states: "Unless the court, for cause, orders otherwise, . . . the dismissal of a case under this title [does not] prejudice the debtor with regard to the filing of a subsequent petition under this title[.]" 11 U.S.C. § 349(a). Thus, "if 'cause' warrants, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling." *Id.* (quoting *Casse*, supra, 219 B.R. at 662).

Furthermore, this Court has previously observed that Section 349(a) is not the sole source of statutory authority for dismissal when cases arise that pose an abuse of the bankruptcy process:

> In addition to the express authority to dismiss a case for cause provided under Section 349, Section 105(a) provides that "[n]o provision of this title shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105; *see also In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 201 (Bankr. S.D.N.Y. 2017) ("Section 105(a) is understood as providing courts with discretion to accommodate the

3

> unique facts of a case consistent with policies and directives set by the other applicable substantive provisions of the Bankruptcy Code."). Thus, Section 105(a) empowers the Court to act as necessary to prevent an abuse of the bankruptcy process.

*Id.*

Bankruptcy courts must ensure that Chapter 13 plans "ha[ve] been proposed in good faith and not by any means forbidden by law . . . ." 11 U.S.C. § 1325(a)(3). *See also Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007) ("The principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor."). Such determinations are made on a case-by-case basis through review of the totality of the facts and circumstances. *In re Paulson*, 170 B.R. 496, 498 (Bankr. D. Conn. 1996). "The totality of the circumstances should take into consideration whether the debtor has abused the 'provision, purpose or spirit' of the Bankruptcy Code and whether the filing is 'fundamentally fair' to creditors." *In re Ciarcia*, 578 B.R. 495, 500 (Bankr. D. Conn. 2017). "Factors that courts have considered in determining whether a debtor has failed to pursue a Chapter 13 bankruptcy in good faith are 'whether the debtor was forthcoming with the court, whether the debtor accurately stated facts, debts, and expenses, whether the debtor misled the court through fraudulent misrepresentation, how the debtor's actions affect creditors, and whether the debtor has abused the purpose of the bankruptcy code.'" *Id.*

Having reviewed the totality of the facts and circumstances herein, the Court concludes therefrom that the Debtor's intentions and purpose in filing this bankruptcy petition are abusive and dilatory, as evidenced by the Debtor's failure to

4

comply with not only the installment deadlines originally imposed, but also the modified installment deadlines that this Court's orders extended to the Debtor. The Debtor's abuse is further evidenced by the Debtor's serial filings, resulting in eight cases filed since 2017, only one of which resulted in a discharge. This series of filings without proper, diligent measures and compliance taken by the Debtor to see those cases through fortifies this Court's conclusion that this Debtor's current Chapter 13 filing is not in good faith.

In light of these findings, the Court dismisses this case and further finds good and sufficient cause exists to impose a one-year bar to any refiling for bankruptcy relief.

Accordingly, it is hereby

**ORDERED:** This Chapter 13 case is DISMISSED with a one-year bar to refiling for any bankruptcy relief

IT IS SO ORDERED at Hartford, Connecticut this 11th day of May 2026.

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut